Filed 6/23/23  P. v. Victoria CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD VICTORIA,<br><br>    Defendant and Appellant. | F083538<br><br>(Super. Ct. No. MF013928A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Richard Victoria contends on appeal that (1) his sentence must be vacated and remanded for resentencing because Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124) and Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code section 1170[1] must be applied to his case. The People agree, as do we. We vacate defendant's sentence and remand for resentencing in light of amended section 1170. In all other respects, we affirm the judgment.

## PROCEDURAL SUMMARY

On August 28, 2020, the Kern County District Attorney filed an information charging defendant with sexual intercourse/sodomy with Jane Doe,[2] a child under 10 years of age (§ 288.7, subd. (a); count 1); oral copulation/sexual penetration of a child under 10 years of age (§ 288.7, subd. (b); counts 2 through 7); lewd or lascivious acts with a child under 14 years of age (§ 288, subd. (b)(1); count 8); knowingly inducing, persuading, or coercing a child under 18 years of age to participate in the production of pornography for commercial purposes (§ 311.4, subd. (b); counts 9 through 12); and distribution of child pornography (§311.1, subd. (a); count 13).

On August 31, 2020, defendant pleaded not guilty to all charges. Subsequently, on May 28, 2021, the information was amended to allege counts 1 through 13 occurred on or between September 7, 2018 and September 7, 2019.

On June 9, 2021, the cause was submitted to the jury. Later that day, the jury found defendant guilty of all charges.

On November 3, 2021, the trial court denied probation and sentenced defendant to a total prison term of 129 years 8 months to life (115 years indeterminate, plus 14 years 8 months determinate) as follows: on count 1, 25 years to life; on counts 2 through 7,

---

[1]     All statutory references are to the Penal Code.

[2]     All counts against defendant involved Jane Doe.

2.

15 years to life each, consecutive; on count 8, 10 years (the upper term), stayed pursuant to section 654; on count 9, eight years (the upper term), consecutive; on counts 10 through 12, two years (one-third the midterm) each, consecutive; and on count 13, eight months (one-third the midterm), consecutive. Defendant was given 615 days total custody credits and ordered to pay a $300 restitution fine pursuant to section 1202.4, subdivision (b), and a restitution fine of $300 pursuant to section 1202.45, the latter of which was suspended pending successful completion of parole. As to all counts except count 8, defendant was ordered to pay a $300 fine with penalty assessments of $930 and additional fees of $40 and $30 per count. As to count 8, defendant was ordered to pay fees of $40 and $30.

On November 3, 2021, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY

In 2019, defendant lived with his uncle, L.J., L.J.'s girlfriend, Danielle, and Danielle's children, Jane Doe and her brother. Defendant, born September 5, 1999, was 19 or 20 years old when he lived with Jane Doe.

Defendant repeatedly sexually molested Jane Doe, who was between four and five years old, and took pornographic photos of her while he lived with her. Defendant raped and sodomized Jane Doe and sexually penetrated her genitalia. He also had Jane Doe masturbate and orally copulate him. When she tired of masturbating him, he told her to "use [her] mouth."

Jane Doe testified that defendant touched her "private parts" on multiple occasions and that it was painful. She did not tell anyone at the time because defendant told her not to. He showed her photographs on his phone of "kids doing stuff with grown-ups and grown-ups doing stuff with other grown-ups." During an interview with a child protective services employee, Jane Doe said that defendant touched her in various places on her body, including her vagina, and that his touching hurt. She said that defendant put his penis in her vagina. In response to questions, she indicated that defendant touched his

3.

"wiener" and his hands to her "crotch." To describe the molestation, she drew a number of pictures, including one of defendant's ejaculate and one of defendant's penis penetrating her vagina. She also said that defendant had tried to take photographs, but it did not work because "he had been hurting my crotch a lot."

Defendant was arrested after a federal child exploitation task force discovered that he had shared 15 images of child pornography with L.J. through a social media website.

In interviews with investigators, defendant admitted taking the photographs of Jane Doe, touching her buttocks both over and under her clothing, and touching her vagina and breast area. He admitted that Jane Doe touched his penis. Defendant denied any digital or penile penetration, but he admitted masturbating Jane Doe, asking her to orally copulate him (though she refused), sharing images of Jane Doe in online chat sites and with L.J. via a social media website, ejaculating on Jane Doe's back, and asking her not to tell anyone. He stated that he touched her inappropriately on three or four different occasions. The investigation revealed 64 distinct images of Jane Doe on L.J.'s phone, including some that displayed penile penetration of Jane Doe's genitalia.

## DISCUSSION

Defendant contends his sentence must be vacated and remanded to the trial court for resentencing because Assembly Bill 124 and Senate Bill 567's amendments to section 1170 must be applied to his case. The People agree, as do we.

### A.    *Background*

The probation report listed the following circumstances in aggravation: (1) that defendant's offenses involved taking advantage of a position of trust, and (2) that he engaged in violent conduct, indicating a serious danger to society. In mitigation, the probation report noted that defendant had no prior criminal record. The report recommended defendant be incarcerated in state prison.

At the sentencing hearing, the trial court denied probation, noting that defendant's conduct was "egregious" in light of Jane Doe's age. It relied on the probation officer's

recommendation, referencing the two aggravating factors listed in the probation report. Defendant was sentenced to the upper term of eight years on count 9, followed by consecutive sentences of two years (one-third the midterm) on each of counts 10 through 12, and a consecutive sentence of eight months (one-third the midterm) on count 13.

### B.    Law

Assembly Bill 124 amended section 1170, specifically mandating the sentencing court to consider "youth" as a mitigating factor in deciding which term to impose. Section 1170, subdivision (b)(6) now reads:

> "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] … [¶]

> "(A)  The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

> "(B)  The person is a youth, or was a youth as defined under subdivision (b) of [s]ection 1016.7 at the time of the commission of the offense.

> "(C)  Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."  (§ 1170, subd. (b)(6)(A)-(C).)

Section 1016.7, subdivision (b) provides that "[a] 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed."  (Stats. 2021, ch. 695, § 4.)

### C.    Analysis

Assembly Bill 124 went into effect on January 1, 2022.  Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299,

307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*)]; *People v. Brown* (2012) 54 Cal.4th 314, 323.)  The "consideration of paramount importance" is whether the amendment lessens punishment.  (*Estrada*, at pp. 744–745.)  If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively.  (*Estrada*, at p. 745.)  As Assembly Bill 124's amendments to section 1170, subdivision (b) lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied.  Therefore, the amendment to section 1170, subdivision (b) applies to all cases not final on Assembly Bill 124's effective date.  (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As the parties agree, defendant's case was not final on January 1, 2022, he was 19 or 20 years old when he committed his offenses, and he was sentenced to the upper term on count 9 and one-third the midterm on counts 10 through 13.  We agree. Defendant is entitled to the benefit of Assembly Bill 124.

Further, as defendant was sentenced to the upper term on count 9 and one-third the midterm on counts 10 through 13, and the offenses were committed when he was 19 or 20 years old, we agree with the parties that remand for resentencing is the appropriate remedy.  Section 1170, subdivision (b) now requires imposition of the lower term on counts 9 through 13 if defendant was a "youth" (i.e., under 26 years old) "at the time of the commission of the offense," "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice[.]"  (§§ 1016.7, subd. (b), 1170, subd. (b)(6)(B).)  Because defendant was 19 or 20 years old at the time he committed the offenses, the trial court is now required to examine whether his age "was a contributing factor in the commission of the offense[s]" that would require "imposition of the lower term[.]"  (§ 1170, subd. (b)(6)(B).)

However, amended section 1170, subdivision (b)(6) also requires the trial court to balance the aggravating and mitigating factors, and permits the court to impose the middle or upper term if it determines that "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice[.]" (§ 1170, subd. (b)(6).) Accordingly, while defendant is entitled to have the court reconsider its sentencing in light of amended section 1170, subdivision (b)(6)(B), taking his "youth" into account as a mitigating circumstance, it does not entitle defendant to an automatic reduction to his term.

This matter is remanded for the trial court to resentence defendant consistent with the amendments made to section 1170 under the authority granted by Assembly Bill 124. We express no opinion on how the court should rule.[3]

## DISPOSITION

We vacate the sentence and remand for resentencing in light of amended section 1170, subdivision (b). In all other respects, the judgment is affirmed.

---

**3** Senate Bill 567 amended section 1170, subdivision (b) to make the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) As Senate Bill 567's amendments to section 1170, subdivision (b) lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. (See *People v. Superior Court (Lara)*, *supra*, 4 Cal.5th at pp 307–308 [discussing *Estrada*, *supra*, 63 Cal.2d 740].) Upon resentencing, if the trial court determines that a lower term is not appropriate pursuant to section 1170, subdivision (b)(6), as amended by Assembly Bill 124, and again decides to impose the upper term, the sentencing should comply with the requirements of section 1170, subdivision (b)(1) and (2), as amended by Senate Bill 567.